UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEBASTIAN LUCIDO, and
KRIS LUCIDO,

                            Plaintiffs,                      Case Number 15-13697

v.                                                 Honorable David M. Lawson

U.S. BANK NATIONAL ASSOCIATION,
as trustee for MASTR ADJUSTABLE RATE
MORTGAGES, TRUST 2006-0A1,
MORTGAGE PASS THROUGH
CERTIFICATES SERIES 2006-0A1 as assignee,

                          Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE

       Plaintiffs Sebastian and Kris Lucido filed the present action in an attempt to set aside the sheriff sale on their home in Rochester, Michigan valued at $1,650,000. They identified eight claims in their complaint, pleaded in separate counts. The disputes center on whether defendant U.S. Bank National Association posted the notice of the foreclosure by advertisement in a conspicuous place on the plaintiffs' property, and an alleged promise not to go forward on the sheriff's sale while a loan modification was being considered. The case is now before the Court on the defendant's motion to dismiss. The Court heard oral argument on February 3, 2016. Because the complaint makes only vague allegations, and to the extent any arguments are made, they are foreclosed by law, the plaintiffs have not stated any claim upon which relief can be granted. Therefore, the Court will grant the defendant's motion and dismiss the complaint.

I.

The complaint states very few facts.  From what has been pleaded, and from the public record exhibits attached the defendant's motion to dismiss, it appears that the plaintiffs' home is located at 5404 Barrington in the City of Rochester, Oakland County, Michigan (the property).  On January 9, 2006, the plaintiffs received a loan from non-party American Home Mortgage Acceptance, Inc. for $1,650,000.  To secure repayment of the loan, the plaintiff granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for lender and lender's successors and assigns.  MERS, and the successors and assigns of MERS are named as the mortgagee; the mortgage was recorded on April 11, 2006.  On November 1, 2012, MERS assigned the mortgage to defendant U.S. Bank, N.A., as trustee for MASTR Adjustable Rate Mortgages, Trust 2006-0A1, Mortgage Pass Through Certificates Series 2006-0A1.   That assignment was recorded on November 21, 2012.

The plaintiffs defaulted on their obligations under the loan at some point before the fall of 2014.  They allege that the defendant promised to consider them for a loan modification or financial accommodation between the fall of 2014 and the sheriff's sale, which occurred on March 17, 2015.  However, no modification agreement was consummated or even signed, and the defendant continued with the foreclosure by advertisement.

The plaintiffs contend that the foreclosure was defective because the defendant did not post a foreclosure notice on the property within the 15-day statutory time frame.  The plaintiffs allege that the defendant intentionally did not post the notice of foreclosure in order to prevent the plaintiffs from entering into a loan modification.  The sheriff's deed, however, contains two notarized affidavits averring that the foreclosure was published in the Oakland County Legal News beginning

-2-

on February 12, 2015 for four successive weeks, and that the notice was annexed to the property in a conspicuous place nine days later.

The plaintiffs also allege that the defendant promised to engage in the loan modification process, but then somehow used that process to deceive the plaintiffs and foreclose on their home. The complaint does not elaborate on how that was done.

The defendant purchased the property at the sheriff's sale on March 17, 2015. The redemption period expired on September 17, 2015. The plaintiffs filed their complaint in state court on September 21, 2015. It was signed by the plaintiffs' attorney on September 18, 2015, the day after the redemption period ended. The complaint identifies eight counts: (1) quiet title; (2) breach of Michigan Compiled Laws § 600.3208; (3) breach of an implied agreement/specific performance; (4) innocent/negligent misrepresentation; (5) promissory estoppel; (6) unjust enrichment; (7) unfair trade practice; and (8) injunction and other relief. With their complaint, the plaintiffs filed an *ex parte* motion for a temporary restraining order to stay and toll the expiration of the redemption period. The state court judge denied the plaintiffs' motion that same day. The defendant properly removed this action on October 20, 2015 and filed its motion to dismiss a week later.

## II.

The defendant's motion is brought under Federal Rule of Civil Procedure 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are

-3-

2:15-cv-13697-DML-MJH   Doc # 14   Filed 07/11/16   Pg 4 of 17   Pg ID 261

drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be accepted unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki*

-4-

*v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).  However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010).  Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36.  If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents).  In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

### A.

The defendant argues that the plaintiffs' claims for quiet title (Count I) and breach of Michigan Compiled Laws § 600.3208 (Count II) fail because the plaintiffs have not identified any error in the foreclosure sale process or noncompliance with the statute.  And even if there are defects in the foreclosure procedure, the defendant argues, the sheriff's sale is merely voidable rather than void.  The defendant cite *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 116, 825 N.W.2d 329, 336 (2012), in support, which requires that to obtain relief from a voidable sheriff's deed, a plaintiff

must show that he was prejudiced by the failure to comply with the foreclosure proceeding and show that he would have been in a better position to preserve their interest in the property. The defendant argues that the plaintiffs have not been prejudiced nor have they alleged any prejudice in the complaint.

The plaintiffs respond that the redemption period should be tolled because Michigan law allows an equitable extension of the period with a showing of fraud or irregularity in the foreclosure sale, citing *Schulthieis v. Barron*, 16 Mich. App. 246, 247-48; 167 NW2d 784 (1969)). The plaintiffs also insist that they have standing to make a quiet title claim, even though the defendant did not challenge standing. After explaining that they can bring the quiet title claim, the totality of their argument is as follows: "More importantly, as it relates to the redemption period issue, Plaintiffs have argued that the manner in which the foreclosure was handled and how the failure to comply with the Financial Accommodation requirements violated MCL §600.3204."

Foreclosure sales by advertisement are governed by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Ibid.* (citing Mich. Comp. Laws § 600.3201). Section 600.3204 provides that a party may foreclose a mortgage by advertisement if several circumstances exist, none of which have been identified by the plaintiffs as being absent in this case.

The "Financial Accommodation requirements" to which the plaintiffs make reference were found in Michigan Compiled Laws § 600.3204(4), which prohibited a mortgagee from starting to foreclose on a property unless the mortgagee had mailed notice to the mortgagor, and either the mortgagor had requested a housing counselor meeting and the parties had completed their meeting,

-6-

or the time for a mortgagor to request a housing counselor meeting had expired. However, subsection 4 of the statute was deleted effective June 19, 2014. 2014 Mich. Pub. Acts 125 p. 1. The only allegations in the complaint that relate to the timing of the foreclosure events state that there were communications between the parties starting in the fall of 2014. Such communications occurred after the statute was amended and the bank's financial accommodation obligation was eliminated.

To prevail in a quiet title action under Michigan law, the plaintiffs first "must make out a prima facie case of title." *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999). If the plaintiffs can carry this burden, the defendant must then prove superior right or title. *Ibid*. Here, the plaintiffs' claim for quite title fails because the defendant has superior title. The plaintiffs concede that they did not redeem the property, but they argue that they filed this lawsuit before the expiration of the redemption period. The plaintiffs are mistaken. The redemption period ended on September 17, 2015. The plaintiffs' state court complaint was filed four days later on September 21, 2015. Indeed, the plaintiffs' attorney signed the summons and complaint on September 18, 2015 before filing it with the circuit court. Nonetheless, the plaintiffs falsely allege that they filed this suit before the end of the redemption period. They did not.

The plaintiffs claim title through a warranty deed, but the defendant has a later-dated sheriff's deed. "[A]fter a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months." *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 713, 848 N.W.2d 482, 485 (2014). "If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the

property are extinguished." *Ibid*. Therefore, the later-dated sheriff's deed in this case is evidence of superior title to the property, and the plaintiffs have not argued or produced any evidence to the contrary. *See* Mich. Comp. Laws § 600.3236.

There is a limited exception to the rule that a mortgagor who fails to redeem timely loses all rights to the property: the foreclosure might still be *voidable* if the mortgagor can make a clear showing that he or she was prejudiced by "fraud" or "irregularity" in the foreclosure procedure itself. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 656 (2007); *see also Sweet Air Investment, Inc., v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) (observing that "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside") (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997)). To establish prejudice, the mortgagors must show "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 116, 825 N.W.2d 329, 337 (2012); *see also Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013). This showing can be made by demonstrating an ability to redeem the property. *Olson v. Merrill Lynch Credit Corp.*, 576 Fed. Appx. 506, 512 (6th Cir. 2014) (A mortgagor "has not plausibly alleged such prejudice" if "she has not alleged that she qualified for loan modification before the sheriff's sale.").

As discussed below, the plaintiffs have not made a strong case of fraud or some other irregularity sufficient to warrant the setting aside of the sheriff's sale. And the plaintiffs have not shown that they have been prejudiced by the alleged notice defect. The plaintiffs contend that it has become impossible to obtain mortgage financing because of the foreclosure, but they fail to allege

-8-

any attempt to obtain financing or how the foreclosure was the cause of not obtaining a new mortgage. Therefore, the plaintiffs have not alleged facts that tend to show prejudice, and they have failed to plead a claim for quiet title for which relief can be granted.

B.

The plaintiffs allege that the defendant did not comply with Michigan foreclosure law because it *may* have failed to publish a foreclosure notification in a newspaper and it failed to post notice of the foreclosure proceedings in a conspicuous place on the property. Under Michigan law, a notice of the foreclosure "shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage." Mich. Comp. Laws § 600.3208. Additionally, within fifteen days of the first publication of the notice, a copy of such notice "shall be posted in a conspicuous place upon any part of the premises described in the notice." *Ibid.*

Contrary to the plaintiffs' allegations, the sheriff's deed includes evidence that the notification requirements were met. Two notarized affidavits state that the foreclosure was published in the Oakland County Legal News beginning on February 12, 2015 for four successive weeks and that the notice was annexed to the property in a conspicuous place nine days later. The plaintiffs attach the sheriff's deed to their brief, but omit pages three through six, which include the affidavits. The Court may consider "documents attached to the pleadings [as] part of the pleadings," *Commercial Money Ctr.*, 508 F.3d at 335, as well as "public record[s] in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs*, 622 F.3d at 586. The complaint refers to the sheriff's deed as Exhibit 2 and the plaintiffs provide the exhibit in their response brief. Therefore, the Court may consider the sheriff's deed in determining the Rule

-9-

12(b)(6) motion, which demonstrates that the defendant met its notification obligations under Michigan law.

Even if the plaintiffs' allegation satisfies their pleading obligation on that score, as stated above, the plaintiffs have not alleged that they were prejudiced by the alleged failure to post the notice. *Kim*, 493 Mich. at 116, 825 N.W.2d at 337; *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 361–62 (6th Cir. 2013). Therefore, the plaintiffs have failed to state a claim in Count II for which relief can be granted.

## C.

The plaintiffs' claims for breach of implied agreement/specific performance (Count III), innocent/negligent misrepresentation (Count IV), and promissory estoppel (Count V) all are barred by the Michigan Statute of Frauds. The plaintiffs argue that the defendant promised to forego foreclosure proceedings while a loan modification was being considered. But a section of the Michigan Statute of Frauds bars any legal action to enforce certain promises made by a bank unless the promise is made in writing and signed by an authorized person. As the statute states:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a)    A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b)    A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c)    A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2). "This language is unambiguous. It plainly states that a party is precluded from bringing a claim — no matter its label — against a financial institution to enforce

-10-

the terms of an oral promise to waive a loan provision." *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000).

The statute defines the term "financial institution" to include "a state or national chartered bank." Mich. Comp. Laws § 566.132(3). "The statute of frauds [imposes] an unqualified and broad ban." *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000). "[A]n agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation' within the scope of [Mich. Comp. Laws § 566.132(2)(a)]." *Crenshaw v. Wells Fargo, N.A.*, No. 12-12768, 2012 WL 3156572, at *4 (E.D. Mich. Aug. 3, 2012) (quoting *FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug. 10, 2006)).

The defendant, a national chartered bank, is a "financial institution" within the meaning of Michigan Compiled Laws § 566.132(3), and the plaintiffs do not suggest that any alleged promise to delay foreclosure proceedings while the plaintiffs sought a loan modification was made in writing. The complaint and associated documents disclose no evidence of any such promise. Although the plaintiffs have brought three distinct claims, all three claims target the same alleged conduct by the defendant: an oral agreement to forego foreclosure while loan modification proceedings occur. Such an agreement is barred by the specific terms of Michigan's Statute of Frauds. *Crown Tech. Park*, 242 Mich. App. at 550, 619 N.W.2d at 72.

### D.

Even if the claims were not barred by the statute of frauds, they fail independently.

### 1.

"[A] contract will be implied only if there is no express contract covering the same subject matter." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194, 729 N.W.2d 898, 903

(2006) (quoting *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271 (2003)).

The parties' rights and obligations on the loan are clearly expressed in the promissory note and the

mortgage. Therefore, no alleged implied agreement can be enforced in this case. Because there is

no implied agreement, there can be no specific performance of that agreement. Count III fails to

state a viable claim.

2.

The plaintiffs allege that the defendant "made innocent and/or negligent representations of

material facts by promising or representing that Defendant would modify the Loan or financial

accommodations so that the Plaintiffs could remain in the subject property." Compl. ¶ 24. The

plaintiffs allege that the representations were false. *Id.* ¶ 26. Innocent misrepresentation is a

"species of fraudulent misrepresentation." *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 28,

585 N.W.2d 33, 37 (1998).

> In Michigan, fraudulent misrepresentation consists of the following elements:
>
> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Howard v. Chase Home Fin.*, LLC, 555 F. App'x 567, 572 (6th Cir. 2014) (quoting *M & D, Inc. v.*

*W.B. McConkey*, 231 Mich. App. 22, 585 N.W.2d 33, 36 (1998). In contrast to fraudulent

misrepresentation, "the essence of an innocent misrepresentation claim is that the plaintiff need not

prove that the defendant knew or should have known that the representation was false." *Roberts v.*

*Saffell*, 280 Mich. App. 397, 405, 760 N.W.2d 715, 720 (2008) *aff'd*, 483 Mich. 1089, 766 N.W.2d

288 (2009). But the plaintiffs must prove that "an unintendedly false representation was made in

-12-

connection with the making of a contract and that the injury suffered as a consequence of the misrepresentation inure to the benefit of the party making the misrepresentation." *McConkey*, 231 Mich. App. at 28, 585 N.W.2d at 37.

To plead a negligent misrepresentation claim, the plaintiffs must state facts showing that "(1) the defendant made a material misrepresentation; (2) the representation was false; (3) the defendant was negligent in making the misrepresentation, i.e., the defendant breached a business or professional duty of care to provide accurate information to those who employ him; and (4) the plaintiff suffered damages as a result." *Cleveland Indians Baseball Co., L.P. v. New Hampshire Ins. Co.*, 727 F.3d 633, 641 (6th Cir. 2013) (citing *Law Offices of Lawrence J. Stockler P.C. v. Rose*, 174 Mich. App. 14, 436 N.W.2d 70, 81 (1989)).

In federal court, a party also must state "with particularity" the circumstances constituting a fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). That means that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir. 2009) (quotation marks and citation omitted).

The plaintiffs have not alleged who made the purportedly fraudulent agreement to delay the sheriff's sale, when it happened, or where it occurred, as required by Rule 9(b). The Sixth Circuit has held that Rule 9(b) applies equally to a claim of negligent misrepresentation under Michigan law, where that claim is based on a "unified course of fraudulent conduct." *Smith v. Bank of America Corp.*, 485 F. App'x 749, 752 (6th Cir. 2012) (quoting *Hennigan v. Gen. Elec. Co.*, 09-

-13-

11912, 2010 WL 3905770, at *14 (E.D. Mich. Sept.29, 2010)).  The plaintiffs allegations are insufficient to support this claim and fail to meet the heightened pleading standards of Rule 9(b), and therefore Count IV fails to state a claim for relief.

3.

The plaintiffs contend that they relied on the defendant's representation that they would be considered for a loan modification or financial accommodation and on Michigan Compiled Laws § 600.3205.  The plaintiffs argue that they would not have entered into the loan modification process had they known that the defendant would go forward with the sheriff's sale.  In essence, the plaintiffs are alleging that the defendant represented that it would delay the sheriff's sale during the loan modification process.  Section 600.3205 was repealed effective June 19, 2014 and therefore cannot provide the plaintiffs a basis for relief.  2014 Mich. Pub. Acts 125 p. 5.  But even if it were not repealed, and the claim was not barred by the Statute of Frauds, the plaintiffs could not succeed on a promissory estoppel claim because "[t]o be sufficient to support an estoppel, a promise must be definite and clear." *McMath v. Ford Motor Co.*, 77 Mich. App. 721, 726, 259 N.W.2d 140, 142 (1977).  The plaintiffs have not alleged *any* facts to support this claim other than a promise was made.  They have not identified who made the promise, or any other facts showing that the terms of the alleged promise were definite and clear.  Therefore, the plaintiffs' count for promissory estoppel fails to state a claim for relief.

E.

The plaintiffs allege that the defendant knew that the plaintiffs were seeking a loan modification and therefore it was unjustly enriched by foreclosing on the property.  However, the plaintiffs cannot recover under a theory of unjust enrichment — a quasi-contract theory — because

-14-

a written contract actually governs the parties' relationship. *See Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006). Here, the promissory note establishes the defendant's right to receive payments from the plaintiffs and the mortgage includes a power of sale. Therefore, the plaintiffs have not pleaded that the defendant received a benefit to which it was not entitled.

Under Michigan law, to plead a claim of unjust enrichment, a plaintiff must establish that the defendant has received and retained a benefit from the plaintiff and inequity has resulted. *Ibid.* Michigan courts will then imply a contract to prevent unjust enrichment. *Ibid.* However, courts will not imply a contract where there is an express contract governing the same subject matter. *Ibid.* There is an express contract governing the contested matter in this case. The parties' rights and obligations on the loan are clearly expressed in the promissory note and the mortgage. Moreover, the complaint is utterly devoid of any factual allegations regarding the purported benefit the defendant received. The plaintiffs fail to state a viable claim of unjust enrichment.

### F.

The defendant argues that the Court should dismiss the plaintiffs' claim for unfair trade practice because it is not a cause of action. The defendant is correct. The plaintiffs do not identify what this cause of action is. In their counter-argument, the plaintiffs make vague allegations regarding affidavits with procedural defects that were either made without knowledge of the alleged notice violations in this case, or they were forged. But there are no affidavits attached to the defendant's brief, so it is not clear what the plaintiffs are referring to.

As the defendant notes, "Michigan common law has no independent cause of action for a deceptive act or unfair trade practices." *Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912,

921-22 (E.D. Mich. 2012).  Perhaps the plaintiffs are alleging a violation of the Michigan Consumer

Protection Act (MCPA).  However, even if the complaint is read generously to plead such a claim,

the MCPA does not apply to "a transaction or conduct specifically authorized under laws

administered by a regulatory board or officer acting under statutory authority of this state of the

United States."  Mich. Comp. Laws § 445.904(1)(a).  Michigan courts have held that residential

lending activities of state and federal banks fall under this exception.  *See Newton v. Bank West*, 262

Mich. App. 434, 441, 686 N.W.2d 491, 494 (2004) (noting that "[b]oth Michigan courts and federal

courts applying Michigan law have consistently held that the MCPA does not apply to claims arising

out of residential mortgage loan transactions").  The plaintiffs have not pleaded a cognizable claim

in Count VII of the complaint.

G.

Although styled as a separate count, count VIII is simply a demand for injunctive relief and

alleges no substantial cause of action.  Therefore, this claim must be dismissed.  *See Qadeer v. Bank

of Am., N.A.*, No. 12-14310, 2013 WL 424776, at *7 (E.D. Mich. Feb. 4, 2013).

III.

The plaintiffs have not pleaded a claim for which relief can be granted because the plaintiffs'

complaint is either completely devoid of detail, the claims are foreclosed by law, or the causes of

action do not exist.  On that score, one last point is worth noting.  The defendant points out that the

Sixth Circuit recently affirmed the dismissal of a virtually identical complaint filed by plaintiffs'

counsel in another case.  *See Hall v. U.S. Bank, N.A.*, 626 F. App'x 114 (6th Cir. 2015).  However,

*Hall* does not stand as precedent — binding or otherwise — with respect to the merits of the present

matter.  Indeed, the *Hall* court declined to reach the merits of the plaintiffs' claims on appeal

because counsel's "appellate brief simply recites — almost verbatim — his response in the district court in opposition to the motion to dismiss, failing to identify any challenged aspect of the district court's ruling." *Id.* at 115. The court concluded, therefore, that "he has abandoned his claims." *Ibid.* However, the court also took the time "to note that counsel — not for the first time — has advanced claims patently lacking in merit." *Id.* at 116. And the court cautioned plaintiffs' counsel:

> Just as it is clear that verbatim recitations of district court filings are inadequate on appeal, counsel should already be equally cognizant of the need to refrain from filing obviously groundless claims. *See, e.g.*, Fed. R. Civ. P. 11(b)(2) (requiring that claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); Fed. R. App. P. 38 (providing for sanctions for frivolous appeals); Mich. R. Prof. Conduct 3.1 ("A lawyer shall not bring . . . a proceeding, or assert . . . an issue therein, unless there is a basis for doing so that is not frivolous."). We hope no further prompting will be necessary.

*Id.* at 116-17. Based on the complaint filed in this case, it is far from clear that the caution was heeded. It is enough to hold at present, however, that this case must be dismissed.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #3] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 11, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI
